IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING (KENT)

| | |
|---|---|
| **LANCE BAKKI, an individual,**<br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>**THE BOEING COMPANY, A Delaware Corporation,**<br>　　　　　　　　　　Defendant. | **Case No.**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Violation of Washington Law Against Discrimination RCW 49.60.030, 49.60.180<br>2. Violations of RCW 49.60.210 and RCW 49.60.220<br>3. Wrongful Termination in Violation of Public Policy<br>4. Outrage/Intentional Infliction of Emotional Distress |

TO: KING COUNTY SUPERIOR COURT CLERK; AND
TO: THE BOEING COMPANY, Defendant.

## **INTRODUCTION**

**COMES NOW**, Plaintiff, Lance Bakki (hereinafter, "Mr. Bakki" or "Plaintiff"), by and through his attorneys of record, George O. Tamblyn and Ruth Vizcaino and of Mercer Island Law Group, PLLC, by way of complaint against Defendant, The Boeing Company (hereinafter "Boeing" or "Defendant"), a Delaware corporation, alleges as follows:

/

COMPLAINT FOR DAMAGES
PAGE 1 OF 15

KUDERER & TAMBLYN
MERCER ISLAND LAW GROUP, PLLC
2448 76TH AVE SE, SUITE 100
MERCER ISLAND, WA 98040
206-236-2769

# I. PARTIES

**1.1** Plaintiff, Lance Bakki, is a private citizen and resident of King County, Washington. He was employed by the Boeing Company, working in Snohomish and King County, Washington prior to his termination on August 28, 2019. At all times pertinent to this complaint, Plaintiff was an "employee" within the meaning of the Washington Law Against Discrimination ("WLAD").

**1.2** Defendant, The Boeing Company, is a Delaware corporation registered to do business in the State of Washington. Boeing maintains multiple offices throughout King and Snohomish County where Boeing conducts substantial business and employs eight or more persons while availing itself of the benefits and protections of the laws of the State of Washington. Boeing is an "employer" within the meaning of the WLAD.

# II. JURISDICTION AND VENUE

**2.1** This Court has jurisdiction over the parties and subject matter pursuant to RCW 4.12.020.

**2.2** Venue is proper in this court pursuant to RCW 4.12.010 to 4.12.025 in that a substantial part of the events or omissions giving rise to the claims and damages pled herein occurred in King County, Washington.

# III. FACTUAL ALLEGATIONS

**3.1** Mr. Bakki is a Caucasian male who was originally hired at Boeing on or about November 1997 as a mechanic in the F22 program. During this time, Mr. Bakki met or exceeded work performance expectations, however, he was subsequently laid off two (2)

COMPLAINT FOR DAMAGES
PAGE 2 OF 15

KUDERER & TAMBLYN
MERCER ISLAND LAW GROUP, PLLC
2448 76TH AVE SE, SUITE 100
MERCER ISLAND, WA 98040
206-236-2769

years later.

**3.2** On or about November 11, 2011, Mr. Bakki was rehired at Boeing once again as First Line Manager based out the plant in Everett, Washington. The starting pay rate was $90,000 per annum with medical and 401K benefits in addition to bonuses of up to 10% based on performance.

**3.3** Between 2011 to 2014, Mr. Bakki consistently met or exceeded performance expectations at all annual performance reviews with his supervisor, Wendell Gabler.

**3.4** Prior to 2019, Mr. Bakki was never subject to Boeing's Corrective Action Memos ("CAMs") or any other disciplinary action regarding his work performance or behavior.

**3.5** On or about October 2014, Mr. Bakki was interviewed and hired to move into the 737 Wings Division at Boeing. Mr. Bakki's new supervisor in the 737 Wings Group was Michael LeClaire who also interviewed him for the position.

**3.6** On or about August 2015, Mr. Bakki was asked by Barry Lewis, Director of 737 Manufacturing, if he wished to accept a temporary Senior Manager position in the Line 2 Laydown area. Mr. Bakki accepted and moved into this role.

**3.7** On or about January 2016, Mr. Bakki received a positive work performance review in his new role which was conducted by Mr. Lewis.

**3.8** On or about November 2017, Mr. Bakki interviewed for a position to work on the 777 airplane. However, Mr. Lewis asked Mr. Bakki to remain in the 737 Wings Group and made him an offer to remain on the team.

PAGE 3 OF 15

**KUDERER & TAMBLYN**
**MERCER ISLAND LAW GROUP, PLLC**
2448 76TH AVE SE, SUITE 100
MERCER ISLAND, WA 98040
206-236-2769

**3.9** Shortly thereafter, on or about November 2017, Mr. Bakki was promoted to oversee the entire Lean Manufacturing team for the Wings Division. This decision was made by Mr. Lewis and Mr. Coughlin and had an increase in pay to $130,000.00 per annum with options for bonuses of up to 17% based on performance.

**Mr. Bakki is accused of racial discrimination by Boyd Quaver in retaliation for his proper and impartial enforcement of Boeing safety protocols.**

**3.10** On or about December 2018, Mr. Bakki was leaving a staff meeting and heading to his office when he first observed a Boeing plant floor worker committing numerous safety violations. Specifically, Mr. Bakki observed this worker sitting with headphones on, playing on his cell phone, and not wearing his safety glasses despite it being mandatory safety protocol to do so. When he initially made this observation, Mr. Bakki did not know the individual's identity, however, he later came to know that the worker was Boyd Quaver.

**3.11** Shortly after making this observation, Mr. Bakki approached Mr. Qauver as he was making his way to another meeting. During that brief discussion, Mr. Bakki addressed Mr. Quaver's safety violations with him. No other Boeing employees witnessed this interaction.

**3.12** At no point did Mr. Bakki address Mr. Quaver as "boy" nor was the word "boy" stated by Mr. Bakki during the discussion, nor has he used "boy" in a racially derogatory manner during any other interaction with any Boeing employee.

**3.13** After Mr. Bakki concluded his brief meeting, Mr. Quaver and five other mechanics approached and surrounded him, demanding that they discuss Mr. Quaver's safety

COMPLAINT FOR DAMAGES
PAGE 4 OF 15

KUDERER & TAMBLYN
MERCER ISLAND LAW GROUP, PLLC
2448 76TH AVE SE, SUITE 100
MERCER ISLAND, WA 98040
206-236-2769

violations. Mr. Bakki stated that he would only speak to Mr. Quaver and his temporary lead supervisor, Wade Davis.

3.14 Following a brief discussion with Mr. Quaver and Mr. Davis, Mr. Bakki submitted a CAM for Mr. Quaver for his safety violations to Human Resources pursuant to Boeing policies.

3.15 Shortly thereafter, Mr. Quaver was issued a CAM by his supervisor, Kathy Davis, as a result of Mr. Bakki's CAM submission to Human Resources.

3.16 After Mr. Quaver was issued this CAM, he filed a complaint to Boeing alleging that Mr. Bakki had used the term "boy" in a racially discriminatory manner when he approached him on the plant floor to address his safety violations. However, Mr. Bakki was not made aware of this complaint until approximately four months later.

3.17 Mr. Quaver never complained or filed any complaint against Mr. Bakki until after he was issued a safety CAM stemming from Mr. Bakki's reporting to Human Resources. Indeed, Mr. Bakki had never received a complaint of this nature prior to this incident from any Boeing employee.

3.18 On or about January 2019, Mr. Bakki once again received a positive work performance evaluation from his supervisor, Mr. Coughlin. The following month, Mr. Bakki was transferred to the Senior Manufacturing manager position in the Wings Systems Installation ("WSI") team—this move was discussed and approved by Mr. Coughlin.

3.19 On or about April 2019, Mr. Bakki was called into Mr. Coughlin's office and received his first CAM based on allegations stemming from the confrontation with Mr. Davis and Mr. Quaver approximately four months earlier.

KUDERER & TAMBLYN
MERCER ISLAND LAW GROUP, PLLC
2448 76TH AVE SE, SUITE 100
MERCER ISLAND, WA 98040
206-236-2769

3.20 Specifically, it was alleged that Mr. Bakki called Mr. Quaver "boy" with racially derogatory intentions given that Mr. Quaver is African American and Mr. Bakki is Caucasian.

3.21 Mr. Bakki denied that he had ever called Mr. Quaver "boy" and wholly opposed this allegation. Specifically, Mr. Bakki explained that he had simply called Mr. Quaver by his first name—"Boyd." However, given that Mr. Wade corroborated Mr. Quaver's allegations despite not witnessing the event, Mr. Bakki was issued a CAM for this incident.

3.22 In that same month, Mr. Bakki met with Hoyt Bonar, a day shift Senior Manager in WSI, to discuss how to resolve project staffing issues. Following this meeting, Mr. Bakki led a staff meeting with the following Boeing employees: Ashley Lam; Jon Lefferts; Chris Saddler; Aaron Mouleer; Ed Jusling; and Kyle Myler. During that meeting, project staffing issues were further discussed in terms of who would be moving to which project and when.

3.23 After the meeting, Mr. Bakki emailed Mr. Coughlin to confirm the new staff project assignments. Mr. Coughlin confirmed by email that all personnel moves were approved. Mr. Ramsey, along with three other mechanics, was part of the personnel moves that were approved.

**Mr. Bakki is accused of retaliation by Steven Ramsey ultimately leading to his termination from Boeing.**

3.24 The following month, on or around May 2019, Mr. Bakki received a call from Ethics Investigator, Carl Weaver. During the phone call, Mr. Bakki was informed that he was being accused of retaliation by Steven Ramsey for selecting him, among many, to be one

COMPLAINT FOR DAMAGES
PAGE 6 OF 15

KUDERER & TAMBLYN
MERCER ISLAND LAW GROUP, PLLC
2448 76TH AVE SE, SUITE 100
MERCER ISLAND, WA 98040
206-236-2769

of the employees that was receiving project reassignment the month prior.

**3.25** Mr. Bakki denied these allegations and asserted that he was impartially performing his duties as a supervisor regarding staff reassignments.

**3.26** The next month, Mr. Bakki followed up with Mr. Weaver regarding Mr. Ramsey's retaliation allegations. Mr. Weaver asked some clarifying questions about why Mr. Ramsey was showing in a certain position within Boeing's system. Mr. Bakki explained that the new Human Resources system was not reflecting the actual position worked, and that he needed to call Ms. Lam so that she could verify that Mr. Ramsey was in fact working in the correct position.

**3.27** Ms. Lam was contacted by Mr. Weaver shortly after his meeting with Mr. Bakki and was able to confirm Mr. Ramsey's position without further issue.

**3.28** Once Mr. Ramsey's training was complete later in June 2019, Ms. Lam notified Mr. Bakki that he could proceed to his new position. However, Mr. Bakki quickly realized that Mr. Ramsey repeatedly failed to clock in despite working in his new position.

**3.29** On or about July 2019, Mr. Bakki was notified by John Lefferts and Rod Jones regarding Mr. Ramsey's outburst towards both of them which included, but was not limited to, threats of violence. Mr. Bakki was forced to call Boeing security due to Mr. Ramsey's behavior as per company policy. Mr. Ramsey was escorted off the company property pending an investigation for threats of violence.

**3.30** On August 28, 2019, Mr. Bakki was unexpectedly called into a conference room for a meeting by Wings Director, Mike Delaney. A representative from Human Resources for Boeing was present as well although they failed to introduce themselves.

COMPLAINT FOR DAMAGES
PAGE 7 OF 15

KUDERER & TAMBLYN
MERCER ISLAND LAW GROUP, PLLC
2448 76TH AVE SE, SUITE 100
MERCER ISLAND, WA 98040
206-236-2769

**3.31** During that meeting, Mr. Delaney terminated Mr. Bakki by reading a second CAM which alleged retaliation against Mr. Ramsey.

**3.32** Mr. Bakki was instructed to immediately turn over his security badges and was escorted off Boeing premises. Despite an appeal to overturn his termination, Boeing declined to reverse its decision.

**3.33** During his search for employment, Mr. Bakki had the opportunity to work with Boeing's vendor, Launch Technical workforce solutions. When Mr. Bakki contacted Boeing to see whether he would be issued a vendor badge, a requirement of the position, he was denied. Boeing concluded that Mr. Bakki would not be allowed to work in any third-party/vendor capacity with the company and that this decision was unappealable.

**3.34** Consequently, Mr. Bakki lost the opportunity to work for Launch Technical workforce solutions.

**3.35** Since his termination date, Mr. Bakki has engaged in an exhaustive job search—he has not been able to secure a new employment. In addition to this unexpected financial strain, Mr. Bakki has suffered emotional damages including but not limited to depression as a result of being wrongfully terminated from Boeing.

### IV.   CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
*VIOLATION OF WASHINGTON LAW AGAINST DISCRIMINATION*
*RACE DISCRIMINATION RCW 49.60.030, 49.60.180*

**4.1** Plaintiff repeats and adopts the preceding paragraphs of this Complaint as though fully set forth herein.

COMPLAINT FOR DAMAGES
PAGE 8 OF 15

KUDERER & TAMBLYN
MERCER ISLAND LAW GROUP, PLLC
2448 76TH AVE SE, SUITE 100
MERCER ISLAND, WA  98040
206-236-2769

**4.2**   The Washington Law Against Discrimination prevents discrimination on the basis of **race**, creed, color, national origin, sex or disability in "public accommodations." *Tenino Aerie v. Grand Aerie*, 148 Wn.2d 224, 237, 59 P.3d 655, 661 (2002)(emphasis added).

**4.3**   Defendant's language and conduct articulated herein, materially affected the terms, conditions, or privileges of employment at Boeing for Plaintiff.

**4.4**   Defendant's language and conduct, including, but not limited to, the wrongful termination of Plaintiff, constitutes adverse and unlawful employment actions against Plaintiff.

**4.5**   Plaintiff's race was used against him when the first of two CAMs was issued against him on false and racially discriminatory allegations.

**4.6**   Specifically, unlawful adverse action was taken against Plaintiff when two Boeing employees falsely accused Plaintiff, a Caucasian male, of using the word "boy" in a racially derogatory manner against Boyd Quaver, an African American male.

**4.7**   Plaintiff was racially discriminated against by Boeing when it issued Plaintiff's first CAM based on these false allegations. Had Plaintiff also been African American, using the word "boy" against Mr. Quaver would not have carried the same racially charged implication and/or credibility when compared to that of a Caucasian male in a supervisory role making the same statement. Indeed, it is highly unlikely that a CAM would have been issued against Plaintiff had Plaintiff been African American as well.

**4.8**   Consequently, Boeing discriminated against Plaintiff on the basis of his race when Plaintiff was issued the first of two CAMs.

COMPLAINT FOR DAMAGES
PAGE 9 OF 15

KUDERER & TAMBLYN
MERCER ISLAND LAW GROUP, PLLC
2448 76TH AVE SE, SUITE 100
MERCER ISLAND, WA 98040
206-236-2769

**4.9** Plaintiff's race was a substantial factor in Defendant's decision to take the adverse action against him when Plaintiff was issued his first CAM following the above-outlined incident.

**4.10** Consequently, Defendant's actions violate RCW 49.60.180 and RCW 49.60.030.

**4.11** As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, lost wages and pecuniary benefits of employment, future lost earnings, emotional pain, grief, and humiliation, and other damages in amounts to be proven at trial.

### SECOND CAUSE OF ACTION
*VIOLATIONS OF RCW 49.60.210 AND RCW 49.60.220*

**4.12** Plaintiff repeats and adopts the preceding paragraphs of this Complaint as though fully set forth herein.

**4.13** RCW 49.60.210 declares it an unfair practice for any employer to discharge, expel, or otherwise discriminate against any person because he or she has opposed any practices forbidden by the WLAD.

**4.14** RCW 49.60.220, it is an unfair practice for any person to aid, abet, encourage, or incite the commission of any unfair practice, or to attempt to obstruct or prevent any other person from complying with the provisions of this chapter or any order issued thereunder. RCW 49.60.180 identifies discrimination on the basis of race as a forbidden unfair practice by an employer.

**4.15** Under the WLAD, it is unlawful for an employer to retaliate against a person for opposing

COMPLAINT FOR DAMAGES
PAGE 10 OF 15

KUDERER & TAMBLYN
MERCER ISLAND LAW GROUP, PLLC
2448 76TH AVE SE, SUITE 100
MERCER ISLAND, WA 98040
206-236-2769

what the person reasonably believed to be discrimination on the basis of race.

**4.16** As articulated herein, Plaintiff's race was used against him when the first of two CAMs based on false and discriminatory allegations. Specifically, Plaintiff, a Caucasian male, was issued a CAM on the false allegation that he used the word "boy" with racially derogatory intentions against Mr. Quaver, an African American employee.

**4.17** Mr. Quaver lodged this false allegation of purported racial discrimination in direct retaliation against Plaintiff when he submitted a CAM for Mr. Quaver for his safety violations to Human Resources pursuant to Boeing policies.

**4.18** Plaintiff vehemently opposed the allegations and was indeed himself being discriminated against due to his *own* race (i.e., Caucasian) when Boeing issued the first CAM based on Mr. Quaver's false accusations.

**4.19** Again, if Plaintiff had also been African American, using the word "boy" against Mr. Quaver would not have carried the same racially charged implication or credibility when compared to that of a Caucasian male in a supervisory role making the same statement.

**4.20** It is unlikely that a CAM would have been issued had Plaintiff been African American.

**4.21** On information and belief, Defendant actively participated in the false accusations of racial discrimination and retaliation by Mr. Quaver and Mr. Ramsey respectively which ultimately resulted in Plaintiff's wrongful termination.

**4.22** As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has

COMPLAINT FOR DAMAGES
PAGE 11 OF 15

KUDERER & TAMBLYN
MERCER ISLAND LAW GROUP, PLLC
2448 76TH AVE SE, SUITE 100
MERCER ISLAND, WA 98040
206-236-2769

suffered, and continues to suffer, lost wages and pecuniary benefits of employment, future lost earnings, emotional pain, grief, and humiliation, and other damages in amounts to be proven at trial.

### THIRD CAUSE OF ACTION
*WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY*

**4.23** Plaintiff repeats and adopts the preceding paragraphs of this Complaint as though fully set forth herein.

**4.24** Washington State has a strong public policy, evidenced in both Washington statutes and common law, against retaliation and discrimination against employees.

**4.25** Defendant's wrongful termination of Plaintiff jeopardizes the public policy of a workplace free from retaliation and safety protocol violations. Here, Plaintiff ethically and impartially performed his duties as manager at Boeing when he: (1) issued workplace safety violations against Mr. Quaver; (2) reassigned Mr. Ramsey to a new posting; and (3) called security due to Mr. Ramsey's threatening behavior against coworkers.

**4.26** By terminating Plaintiff for performing his work duties, Boeing willfully and intentionally violates Washington policy for safe workplaces and for there to be workplaces free of racial discrimination.

**4.27** As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, lost wages and pecuniary benefits of employment, future lost earnings, emotional pain, grief, and humiliation, and other damages in amounts to be proven at trial.

COMPLAINT FOR DAMAGES
PAGE 12 OF 15

**KUDERER & TAMBLYN**
**MERCER ISLAND LAW GROUP, PLLC**
2448 76TH AVE SE, SUITE 100
MERCER ISLAND, WA 98040
206-236-2769

# FOURTH CAUSE OF ACTION
*OUTRAGE/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

**4.28** Plaintiff repeats and adopts the preceding paragraphs of this Complaint as though fully set forth herein.

**4.29** Defendant's conduct, statements, and false allegations of racial discrimination and retaliation made against Plaintiff are extreme and outrageous. Defendant has engaged in conduct and made statements continuously and recklessly with the intent to inflict extreme emotional distress on Plaintiff or with knowledge that extreme emotional result will result.

**4.30** As a result of Defendant's extreme and outrageous conduct, Plaintiff has suffered severe emotional distress.

**4.31** As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, lost wages and pecuniary benefits of employment, future lost earnings, emotional pain, grief, and humiliation, and other damages in amounts to be proven at trial.

/

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lance Bakki prays for judgment against the Defendant as follows:

1. Enter judgement in favor of Plaintiff on all claims against Defendants;

2. Economic damages including full back pay, front pay, benefits, interest and other actual monetary losses in an amount to be proven at trial;

3. Non-economic damages including without limitation general damages for mental

COMPLAINT FOR DAMAGES
PAGE 13 OF 15

**KUDERER & TAMBLYN**
**MERCER ISLAND LAW GROUP, PLLC**
2448 76TH AVE SE, SUITE 100
MERCER ISLAND, WA 98040
206-236-2769

anguish, emotional distress, and pain and suffering in an amount to be proven at trial;

4. Reasonable attorney's fees and expenses pursuant to RCW 49.60.030(2) and RCW 49.48.030, along with reasonable expert witness fees and other fees and costs incurred in prosecuting this action in an amount to be proven at trial;

5. An offset for the adverse tax consequences of the judgment

6. Grant Plaintiff such other and further relief as the Court deems just and equitable.

DATED: January 24, 2020.

KUDERER & TAMBLYN

MERCER ISLAND LAW GROUP, PLLC

By: *[signature]*

George O. Tamblyn, WSBA #15429
Ruth Vizcaino, WSBA #52846
Attorneys for Plaintiff
gtamblyn@mercerlg.com
rvizcaino@mercerlg.com

COMPLAINT FOR DAMAGES
PAGE 14 OF 15

KUDERER & TAMBLYN
MERCER ISLAND LAW GROUP, PLLC
2448 76TH AVE SE, SUITE 100
MERCER ISLAND, WA 98040
206-236-2769

# **CERTIFICATE OF SERVICE**

I, Lauren Whyte, certify under penalty of perjury under the laws of the State of Washington, that the following is true and correct:

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the document listed below, in the manner noted on the following entity**:**

**Summons and Complaint for Damages**

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| The Boeing Company<br>CT Corporation<br>300 Deschutes Way SW<br>Suite 304<br>Tumwater, WA 98501 | ☒ Hand Delivery<br>☐ Certified Mail<br>☐ Facsimile<br>☐ E-mail<br>☐ U.S. Mail |

DATED this 24th day of January, 2020.

Mercer Island Law Group, PLLC.

*/s/ Lauren Whyte*_____
Lauren Whyte
Paralegal

COMPLAINT FOR DAMAGES
PAGE 15 OF 15

KUDERER & TAMBLYN
MERCER ISLAND LAW GROUP, PLLC
2448 76TH AVE SE, SUITE 100
MERCER ISLAND, WA 98040
206-236-2769